IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVID GARLAND ATWOOD, )
)
        Plaintiff, )
)
vs. ) Case Number CIV-17-629-C
)
UNITED STATES OF AMERICA, et al., )
)
        Defendants. )

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 1, 2019, United States Magistrate Judge Suzanne Mitchell issued her Report and Recommendation ("R&R") in this action in which Plaintiff seeks relief from Defendants (1) United States of America, (2) Bureau of Prisons ("BOP"), (3) Spencer Zeavin, and (4) Aaron Russell due to their allegedly negligent and/or unconstitutional conduct in addressing his medical needs. Judge Mitchell recommended that some claims be dismissed, while others should be allowed to proceed. Defendants' objections to the R&R were timely filed, and the Court reviews the matter de novo.

The United States takes issue with the Magistrate Judge's refusal to dismiss the Federal Tort Claims Act ("FTCA") claims against it because those claims, in its view, are time-barred, and Plaintiff is not entitled to equitable tolling.[1] See generally Def. U.S.' Obj. to R&R (Dkt. No. 60). In her R&R, the Magistrate Judge did not resolve these issues—

---

[1] The Magistrate Judge also concluded that the United States' exhaustion of administrative remedies argument under the Prison Litigation Reform Act ("PLRA") required more factual development. (Dkt. No. 58, p. 8.) The United States points out, however, that it only raised exhaustion arguments under the FTCA, not the PLRA. See Defs.' Mot. To Dismiss (Dkt. No. 29, p.p. 6-9); see also Def. U.S.' Obj. to R&R (Dkt. No. 60, p. 6).

she instead determined that further factual development was necessary. (Dkt. No. 58, p. 8.) She did so because the United States was relying on materials outside of the pleadings to support its motion, thus leading her to conclude that Plaintiff should be afforded "a reasonable opportunity to respond with evidentiary materials pursuant to Fed. R. Civ. P. 12(d)." (Id.) Notably, in its objection to the R&R, the United States largely pressed the same issues it had already previously raised before the Magistrate Judge. See generally Def. U.S.' Obj. to R&R (Dkt. No. 60.) As a result, the United States did not point out any particular reason why Plaintiff should not be afforded a reasonable opportunity to respond with his own materials outside the pleadings, particularly considering that he is requesting access to at least some of these materials from the United States. See Pl.'s Mot. for Court Order (Dkt. No. 56); see also R&R (Dkt. No. 58, p. 2, n.1). Therefore, the Court adopts the R&R's finding that Plaintiff's FTCA claims against the United States should not be dismissed.[2]

The only other objection raised by any Defendant is the objection of the non-moving Defendants Paul David Hunter and Keith Frederick Clark. These Defendants maintain that

---

[2] In its objection, the United States offers extensive argument regarding its entitlement to summary judgment. (Dkt. No. 60, p. 2-5.) But the Court reads the R&R as holding off on any summary judgment determination—at least until Plaintiff has had an opportunity to respond with materials outside the pleadings. (Dkt. No. 58, p. 8.) See also Fed. R. Civ. P. 12(d) (Courts must convert motions to dismiss to summary judgment where "matters outside the pleading are presented to and not excluded by the court," and "[a]ll parties are given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). Given that Plaintiff has not had an opportunity to respond with materials outside the pleadings, the Court interprets the R&R as only offering recommendations on 12(b)(6) grounds. Thus, these arguments are misplaced, but may be revisited later.

they should not be bound by any factual determinations made by the Magistrate Judge. See generally Obj. of Defs. Paul David Hunter, M.D. and Keith Frederick Clark, M.D. to Mag. R&R (Dkt. No. 59.) The R&R, however, resolved a motion to dismiss—all facts in Plaintiff's complaint are assumed to be true at this stage. See Hunt v. Central Consol. Sch. Dist., 951 F. Supp. 2d 1136, 1174 (D.N.M. 2013). Defendants Hunter and Clark will have the opportunity to develop the record as the case progresses.

No further objections to the R&R were submitted. Thus, after a review of the court file and considering all matters de novo, this Court adopts the Report and Recommendation in its entirety. Accordingly, the Court finds that the Bivens claim against the United States and the BOP, as well as the FTCA claims against BOP and any individual Defendants, should be dismissed with prejudice. The Court further finds that all official capacity claims against the individual Defendants must be dismissed. Finally, the Court finds that the FTCA claims against the United States, in addition to the Bivens claims against Defendants Zeavin and Russell in their individual capacities, should not be dismissed.

Accordingly, (1) Defendants United States and BOP's Motion to Dismiss (Dkt. No. 29) is GRANTED in part and DENIED in part, and (2) Defendants Zeavin and Russell's Motion to Dismiss (Dkt. No. 30) is DENIED. This matter is referred back to the Magistrate Judge for further proceedings and record development.

IT IS SO ORDERED this 8th day of April, 2019.

ROBIN J. CAUTHRON
United States District Judge